**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20783
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICARDO SANCHEZ-CORTEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-856-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Ricardo Sanchez-Cortez (Sanchez) appeals his conviction and

sentence for illegal reentry after deportation, in violation of

8 U.S.C. § 1326.  Sanchez contends that the district court should

have suppressed the evidence of his prior administrative

deportation because he was deprived of due process during his

administrative deportation proceeding.  However, Sanchez concedes

that he raises the issue only to preserve it for Supreme Court

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

review, as his argument is foreclosed by <u>United States v. Benitez-Villafuerte</u>, 186 F.3d 651, 656-60 (5th Cir. 1999).

Sanchez also contends that, in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), 8 U.S.C. § 1326(b) is unconstitutional because it does not require a prior felony conviction to be proved as an element of the offense. Sanchez acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court review in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>Apprendi</u>, 530 U.S. at 489-90, 496; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.